UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FRANK MICHOLLE,                                      :

                                                     :      ORDER
                          Plaintiff,
                                                     :      17 Civ. 210 (VSB) (GWG)
          -v.-

                                                     :
Ophthotech Corporation, et al.,

                                                     :

                          Defendants.                :
-------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

        1.  The above-referenced action has been referred to the undersigned for general pre-trial
purposes.   See 28 U.S.C. § 636(b)(1)(A).  All pre-trial applications, including those relating to
scheduling and discovery, shall be made to the undersigned (except motions to dismiss or for
judgment on the pleadings, for injunctive relief, for summary judgment, or for class
certification).  All applications must comply with this Court's Individual Practices, which are
available through the Clerk's Office or at: https://nysd.uscourts.gov/hon-gabriel-w-gorenstein

        2.  All discovery (as well as requests for admissions) must be initiated in time to be
concluded by the deadline for all discovery.

        3.  Discovery motions -- that is, any application pursuant to Rules 26 through 37 or 45 --
not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made
promptly after the cause for such a motion arises.  In addition, absent extraordinary
circumstances no such application will be considered if made later than 30 days prior to the close
of discovery.  Untimely applications will be denied.

        4.  Any application for an extension of the time limitations with respect to any deadlines
in this matter must be made as soon as the cause for the extension becomes known to the party
making the application and must be made in accordance with ¶ 1.E of the Court's Individual
Practices.  The application must state the position of all other parties on the proposed extension
and must show good cause therefor not foreseeable as of the date of this Order.  "Good cause" as
used in this paragraph does not include circumstances within the control of counsel or the party.
Any application not in compliance with this paragraph will be denied.  Failure to comply with
the terms of this Order may also result in sanctions.

        5. With respect to the discovery dispute in Docket # 114 relating to the claims of
privilege, the Court's pre-motion conference requirement is waived.  That being said, the Court

reminds plaintiff that before making any motion, it has the responsibility to seek all relevant facts from defendants that underlie their claim to privilege (for example, the reason the document was generated, who it was shared with, and the reasons it was shared with those persons).  The defendants obviously must cooperate with these efforts.  In the event no agreement is reached as to any documents or category of documents, plaintiff's motion to compel shall be filed at its earliest convenience following the conclusion of the discussions. Briefing shall be in accordance with paragraph 2.B of the Court's Individual Practices. The defendants are reminded  that ultimately they have the burden of sustaining the privilege and that any factual statements in their brief must be supported by affidavits from individuals with personal knowledge.  Thus, a brief supporting a claim of privilege is normally accompanied by one or more affidavits that detail the circumstances of the purportedly privileged communications, including the roles of all relevant individuals.  Before briefing occurs, the parties are strongly encouraged to work together to group documents into categories so that the claim of privilege may be more easily assessed.

        SO ORDERED.

Dated: March 19, 2021
        New York, New York

_____
        GABRIEL W. GORENSTEIN
        United States Magistrate Judge