UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
FRANK MICHOLLE, individually and on :
behalf of all others similarly situated, and :
SHEET METAL WORKERS' PENSION :
PLAN OF SOUTHERN CALIFORNIA, : 17-CV-210 (VSB)
ARIZONA AND NEVADA, : Consolidated with 17-CV-1758 (VSB)
:
Plaintiffs, : **OPINION & ORDER**
:
- against - :
:
:
OPHTHOTECH CORPORATION, DAVID R. :
GUYER, AND SAMIR PATEL, :
:
Defendants. :
:
------------------------------------------------------------X

Appearances:

David Avi Rosenfeld
Christopher Thomas Gilroy
Ellen Anne Gusikoff Stewart
Erin Whitney Boardman
Philip Thomas Merenda, III
Robbins Geller Rudman & Dowd LLP
Melville, NY

Ashley M. Price
Darryl J. Alvarado
Robbins Geller Rudman & Dowd LLP
San Diego, CA

Shannon Lee Hopkins
Levi & Korsinsky, LLP
Stamford, CT

*Counsel for Plaintiffs*

Fraser Lee Hunter, Jr.
Jeremy Todd Adler
Michael G. Bongiorno
Wilmer Cutler Pickering Hale & Dorr LLP
New York, NY

*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

This is a federal securities action brought under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. §240.10b-5.  Before me is the unopposed motion for preliminary approval of class action settlement, certification of the class, and approval of notice to the class.  (Doc. 127.)   For reasons below, the motion is GRANTED.

## I.  Background and Procedural History

I assume familiarity with the factual background and procedural history of the case as set forth in my previous Opinions & Orders, *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) and *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2019 WL 4464802 (S.D.N.Y. Sep. 18, 2019).  After I denied the motion to dismiss filed by Ophthotech Corporation, David R. Guyer, and Samir Patel (together, "Defendants"), *see generally id.*, Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada ("Lead Plaintiff") filed an unopposed motion to certify the class on June 12, 2020, (*see* Docs. 101 & 104); this motion is currently still pending.  On September 10, 2021, Lead Plaintiff filed the instant unopposed motion for preliminary approval of class action settlement, certification of the class, and approval of notice to the class.  (Doc. 127.)

**II.     Discussion**

### A. *Preliminary Approval of the Class Settlement*

District courts have discretion to approve proposed class action settlements.  *See Kelen v. World Fin. Network Nat'l Bank*, 302 F.R.D. 56, 68 (S.D.N.Y. 2014) (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)).  The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle.  *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693(PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing.  *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442(KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013).  "[C]ourts often grant preliminary settlement approval without requiring a hearing or a court appearance."  *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014).  To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members."  *Id.* (quoting *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted)).  Courts conducting this analysis "must make a preliminary evaluation as to whether the settlement is fair, reasonable and adequate."  *In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL 1409, M-21-95, 2006 WL 3247396, at *5 (S.D.N.Y. Nov. 8, 2006) (internal quotation marks omitted).  Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Silver*, 2013 WL 208918, at *1 (quoting *In re Nasdaq*

*Market–Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).

Having reviewed Plaintiffs' submissions, including the proposed Settlement Agreement and all the attached exhibits (Doc. 129 & Exs. A–B (the "Settlement Agreement" or "Agreement")), I conclude that the Agreement merits preliminary approval. First, the Agreement appears to be the result of an extensive and good-faith process mediated by Judge Layn Philips (Ret.), a nationally recognized mediator experienced in securities class actions. (*See* Mem. 9–10.)[1] The Agreement was based on the extensive investigation into the strengths and weakness of the case conducted by the counsel for Lead Plaintiff ("Lead Counsel"), Robbins Geller Rudman & Dowd LLP, a firm that has substantial experience in securities litigation. *See Micholle*, 2018 WL 1307285, at *3. The investigation included review of over 2.8 million pages of documents and consultation with an industry expert. (*See* Mem. 10.); *see also generally In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173–74 (S.D.N.Y. 2000) ("If the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness."). Second, the Settlement Agreement does not have any obvious deficiencies and the settlement amount, at least preliminarily, appears reasonable. The parties arrived at the settlement amount of $29 million in cash, plus interest to be accrued in the escrow account. (*See* Mem. 5.) The Agreement further notes that the Lead Counsel will apply for an award of attorneys' fees in an amount not to exceed 30% of the settlement amount and litigation expenses in an amount not to exceed $500,000. (*Id.*) Third, the Settlement Agreement appears to treat class members roughly equally. The agreement sets forth a Plan of Allocation which

---

[1] "Mem." refers to Plaintiffs' memorandum of law in support of their motion for preliminary approval of class action settlement, certification of the class, and approval of notice to the class. (Doc. 128.)

explains how the settlement proceeds will be distributed among the eligible class members. All Plaintiffs, including the Lead Plaintiff, will be subject to the same formula for the distribution from the fund. (*Id.* at 3.) In light of these factors, I preliminarily approve the Settlement Agreement.

### B. *Conditional Certification of the Settlement Class*

In order to certify a class for settlement purposes, a court must find that the class satisfies all four requirements under Fed. R. Civ. P. 23(a)—numerosity, commonality, typicality, and adequacy of representation—and one of the requirements listed under Fed. R. Civ. P. 23(b). Plaintiffs have requested that I certify the following class for purposes of the settlement only ("Settlement Class"):

> "Class" means all Persons who purchased or acquired Ophthotech common stock during the [period between March 2, 2015 through December 12, 2016, inclusive]. Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) any person who was an officer or director of Ophthotech during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Ophthotech; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

(Stipulation ¶ 1.6.)[2] *See generally Tiro v. Pub. House Inv. LLC*, Nos. 11 Civ. 7679 (CM), 11 Civ. 8249 (CM), 2013 WL 2254551, at *3 ("When the court has not yet entered a formal order determining that the action may be maintained as a class action, the parties may stipulate that it be maintained as a class action for the purpose of a settlement only." (quoting Herbert B, Newberg & Alba Conte, Newberg on Class Actions § 11.27 (4th ed. 2002))). I provisionally certify for settlement purposes Plaintiffs' proposed class.

---

[2] "Stipulation" refers to the parties' Stipulation of Settlement dated September 8, 2021 and filed September 10, 2021. (Doc. 129.)

5

The Settlement Class meets the requirements in Rule 23(a).  First, a class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Given that tens of millions of shares of common stock were outstanding and traded on the NASDAQ during the period between March 2, 2015 and December 12, 2016, the Settlement Class here is likely to consist of thousands of people.  (*See* Mem. 17–18.)  Therefore, the Settlement Class can be presumed sufficiently numerous and joinder will be impractical.  *See In re Sadia Sec. Litig.*, 269 F.R.D. 298, 304 (S.D.N.Y. 2010) (noting that "numerosity can be presumed at a level of forty members or more" (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995))); *Fleisher v. Phoenix Life Ins. Co.*, No. 11 CIV. 8405 (CM), 2013 WL 12224042, at *8 (S.D.N.Y. July 12, 2013) ("In this circuit, there exists a presumption that more than 40 class members renders joinder 'impractical.'").

Second, there must be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The proposed class members all face several common questions of law and fact central to this case:  "(1) whether Defendants violated the federal securities laws; (2) whether Defendants misrepresented or omitted material facts concerning the clinical trials for Fovista; (3) whether Defendants acted with scienter; (4) whether Defendants' alleged misrepresentations and omissions caused Class Members to suffer a compensable loss; (5) whether the price of Ophthotech's stock was artificially inflated; and (6) the extent of damages sustained by the Class, and the appropriate measure of those damages."  (Mem. 18.)  Such questions are sufficient to meet the commonality requirement.  *See Menaldi v. Och-Ziff Capital Mgmt. Grp. LLC*, 328 F.R.D. 86, 91 (S.D.N.Y. 2018) (finding the questions of whether the company's statements were misleading and whether they were material sufficient to meet the commonality requirement in a Rule 10b-5 case.)

6

Third, "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This factor "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Haw. Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Entm't Holdings, Inc.*, 338 F.R.D. 205, 212 (S.D.N.Y. 2021) (citing *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)). "Typicality . . . does not require that the situations of the named representatives and the class members be identical," so long as "all claims arise from the same price-fixing conspiracy." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 511 (S.D.N.Y. 1996). This factor is satisfied here, where all proposed class members face the same harm based on Defendants' alleged action.

Fourth, "the representative parties" must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs must meet two standards—that "class counsel . . . be qualified, experienced and generally able to conduct the litigation," and that "the class members . . . not have interests that are antagonistic to one another." *In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992) (internal quotation marks omitted). The Lead Counsel is a firm with substantial experience in securities litigation, and there is no indication that the Lead Counsel is not qualified or unable to conduct the litigation, and Plaintiffs and class representatives have the same incentives—to vindicate the same alleged injuries due to Defendants' alleged anticompetitive behavior.

Finally, Plaintiffs argue that the Settlement Class meets the requirements of Rule 23(b)(3). Under Rule 23(b)(3), "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy." "The predominance requirement [under Rule 23(b)(3)] is satisfied unless it is clear that individual issues will overwhelm the common questions and render the class action valueless." *In re NASDAQ*, 169 F.R.D. at 517; *see also UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010) ("Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.") (internal quotation marks omitted). Predominance is met here because the members of the Settlement Class were subject to the same alleged misrepresentations and omissions of Defendants and the claim is susceptible to common evidence and proof. *See Menaldi*, 328 F.R.D. at 93 ("Predominance is a test readily met in certain cases alleging consumer or securities fraud." (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997))).

A proposed class meets Rule 23(b)(3)'s superiority requirement if "class adjudication . . . will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually." *Silver*, 2013 WL 208918, at *2 (internal quotation marks omitted). With so many class members across the country, it is far more efficient to adjudicate this as a class action. *See In re NASDAQ*, 169 F.R.D. at 527 ("Multiple lawsuits would be costly and inefficient"). Class actions are particularly preferred where, as here, "proceeding individually would be prohibitive for class members with small claims." *Seijas v. Republic of Arg.*, 606 F.3d 53, 58 (2d Cir. 2010).

As such, I certify the proposed class for settlement purposes only. I further approve the parties' stipulation to certification of Lead Plaintiff as Class Representative, and the appointment of Robbins Geller Rudman & Dowd LLP as Class Counsel. Rule 23(g)(1)(A) requires that a

district court consider the following in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." I have appointed Robbins Geller Rudman & Dowd LLP as the Lead Counsel, and the firm has been prosecuting this case with competence and diligence. Given the firm's experience in securities litigation and the work they have done in this case, I conclude that they meet the requirements of Rule 23(g). Lastly, I appoint Gilardi & Co. LLC, a nationally recognized class action settlement administrator, to be the Claims Administrator.

### C. *Approval of Notice to the Class*

Rule 23(c)(2)(B) requires that:

> [T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). I have reviewed the proposed plan for providing notice to the Class, which involves (1) mailing the Notice and Proof of Claim and Release, (Doc. 129 Exs. A-1 and A-2), to all members of the Settlement Class who can be identified with reasonable effort; and (2) publication of the Summary Notice in the national edition of *The Wall Street Journal* and once over a national newswire service. (*See* Mem. 22; Doc. 129 Ex. A ¶¶ 11–12.) After review, I conclude that the form of manner of the proposed notice constitutes the best notice practicable under the circumstances and meets the requirements of due process. The plan also

satisfies all of the seven elements of Rule 23(c)(2)(B) identified above.

### III. Conclusion

For the foregoing reasons, Plaintiffs' unopposed motion, (Doc. 129), is GRANTED. The parties submitted a proposed order setting forth the settlement procedure and schedule, (Doc. 129 Ex. A); however, because this motion has been pending for a while, the schedule in the proposed order has become out of date. Accordingly, the parties shall file an updated proposed order on or before March 25, 2022. Further, the previous unopposed motion for class certification, (Doc. 101), is hereby DENIED without prejudice to be refiled should I later deny final approval to the settlement. The Clerk of Court is respectfully directed to close the open motions on the docket.

SO ORDERED.

Dated: March 14, 2022
      New York, New York

                                                          Vernon S. Broderick
                                                          United States District Judge