UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
FRANK MICHOLLE, Individually and on  :   Civil Action No. 1:17-cv-00210-VSB-GWG
Behalf of All Others Similarly Situated,  :   **(Consolidated)**
                                         :
                      Plaintiff,          :   CLASS ACTION
                                         :
          vs.                             :
                                         :
OPHTHOTECH CORPORATION, DAVID R.  :
GUYER and SAMIR PATEL,                :
                                         :
                      Defendants.         :
                                         :
———————————————————— x

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R.
CIV. P. 23(E)(1) AND PERMITTING NOTICE TO THE CLASS

WHEREAS, the above-captioned action is pending before this Court (the "Litigation");

WHEREAS, Lead Plaintiff, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated September 8, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

WHEREAS, the Court preliminarily finds that:

(a)    the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel, including mediation under the direction of an experienced mediator, the Hon. Layn R. Phillips (Ret.);

(b)    the proposed Settlement eliminates the risks to the Settling Parties of continued litigation;

(c)    the Settlement does not provide undue preferential treatment to Lead Plaintiff or to segments of the Class;

(d)    the Settlement does not provide excessive compensation to counsel for Lead Plaintiff; and

(e)    the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposed of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased or acquired Ophthotech common stock during the period between March 2, 2015 through December 12, 2016, inclusive.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) any Person who was an officer or director of Ophthotech during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Ophthotech; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

3.    The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Members of the Class predominate over any questions affecting only

individual Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada certified as Class Representative and Lead Counsel Robbins Geller Rudman & Dowd LLP are preliminarily certified as Class Counsel.

5.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to the class members and further consideration of the Settlement at the fairness hearing described below.

6.     A hearing shall be held before this Court on   September 8 2022, at     2 p.m. (the "Settlement Hearing"), at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶1.17 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees, costs, charges and expenses that should be awarded to Lead Counsel; (e) determine any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); (f) hear any objections by Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and expenses; and (g) consider such other matters the Court deems appropriate.  The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the

Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7.      The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.      The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3.

9.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

10.      Ophthotech shall provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiff or the Class, within seven (7) business days after the Court signs this Order, a list in electronic searchable form, such as Excel, containing the names and addresses of registered holders of Ophthotech common stock during the Class Period, as set forth in the records of its transfer agent.  This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

11.      Not later than ____April 7, 2022 (the "Notice Date") (a date twenty-one (21) calendar days after entry by the Court of this Order), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.OPHSecuritiesSettlement.com.  For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

- 4 -

12.     Not later than  April 14 , 2022 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

13.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

14.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or acquired Ophthotech common stock during the Class Period (between March 2, 2015 and December 12, 2016, inclusive) as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners.  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

15.     The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

16.     All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility or liability for such fees, costs, or expenses.  Notwithstanding the foregoing, Ophthotech shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator reasonably available transfer records for purposes of mailing notice to the Class pursuant to the Stipulation.

17.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

18.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than  July 6  , 2022 (a date ninety (90) calendar days from the Notice Date). Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless

- 6 -

otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted Claims.

19.     Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any Member of the Class does not enter an appearance, they will be represented by Lead Counsel.

20.     Any Member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than  August 18, 2022 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must provide: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of shares of Ophthotech common stock purchased or acquired during the Class Period and the date of each purchase or acquisition; and (iii) a statement that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment.  Unless otherwise ordered by the Court, any Person who purchased or acquired Ophthotech common stock during the Class Period who fails to timely

request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class and shall be barred from requesting exclusion from the Class.

21.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event, later than fourteen (14) calendar days before the Settlement Hearing.

22.     Any Member of the Class who or which does not request exclusion from the Class may appear at the Settlement Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded to Lead Counsel or to Lead Plaintiff; provided that any such Class Member files objections and copies of any papers and briefs with the Clerk of the United States District Court for the ~~Eastern~~ Southern District of New York and mails copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA  92101; Wilmer Cutler Pickering Hale and Dorr LLP, Michael G. Bongiorno, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007; and to Morgan, Lewis & Bockius LLP, Jordan Hershman, One Federal Street, Boston MA 02110, no later than   August 1 , 2022.  Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of fees, costs, charges, and expenses to Lead Counsel or to the

award to Lead Plaintiff, unless otherwise ordered by the Court.  Attendance at the Settlement

Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the

approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees,

costs, charges and expenses are required to indicate in their written objection their intention to

appear at the hearing and to include in their written objections the identity of any witnesses they

may call to testify and copies of any exhibits they intend to introduce into evidence at the

Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any

other action to indicate their approval.

23.     Any objections, filings, and other submissions by an objecting Class Member must:

(i) state the name, address and telephone number of the Person objecting and must be signed by

the objector; (ii) contain a statement of the Class Members' objection or objections, and the

specific reasons for each objection, including any legal and evidentiary support the Class Member

wishes to bring to the Court's attention and whether the objections apply only to the objector, a

specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove

membership in the Class, including the objecting Class Member's purchases, acquisitions and/or

sales of Ophthotech common stock during the Class Period, the dates, the number of shares

purchased or sold, and the price paid or received for such purchase or sale.

24.     Any Class Member who does not object to the Settlement, the Plan of Allocation,

or the application for an award of attorneys' fees, costs, charges and expenses in the manner

prescribed herein and in the Notice shall be deemed to have waived such objection, and shall

forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of

the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the

Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

25.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees, costs, charges and expenses shall be filed and served no later than   August 4   , 2022 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing), and any reply papers shall be filed and served no later than September 1 2022 (a date that is seven (7) calendar days prior to the Settlement Hearing).

27.     The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

28.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses.

29.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective,

neither Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

30.     This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

31.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

32.     The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

33.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties.  In any such event, the Settling Parties shall be deemed to have reverted to their respective litigation positions as of July 1, 2021.

IT IS SO ORDERED.

DATED:     March 17, 2022                                  _____

THE HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on March 15, 2022, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

s/ ELLEN GUSIKOFF STEWART

ELLEN GUSIKOFF STEWART
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

FRANK MICHOLLE, Individually and on
Behalf of All Others Similarly Situated,

                           Plaintiff,

        vs.

OPHTHOTECH CORPORATION, DAVID R.
GUYER and SAMIR PATEL,

                     Defendants.

—————————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:17-cv-00210-VSB-GWG
**(Consolidated)**

CLASS ACTION

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT 1

**TO:   ALL PERSONS WHO PURCHASED OR ACQUIRED OPHTHOTECH CORPORATION ("OPHTHOTECH" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 2, 2015 THROUGH DECEMBER 12, 2016, INCLUSIVE AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.   TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2022**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada and Defendants IVERIC bio, Inc., f/k/a Ophthotech Corporation ("Ophthotech"), David R. Guyer and Samir Patel and the proposed $29,000,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before _____, 2022.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated September 8, 2021 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.OPHSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| | without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2022.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be *received* by the Court and counsel on or before _____, 2022.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2022** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2022.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $29 million settlement fund has been established.  Based on Lead Plaintiff's estimate of the number of shares of Ophthotech common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $1.43 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.**  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim.  An individual Class Member may receive more or less than this estimated average amount.  *See* Plan of Allocation set forth and discussed at pages ____ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged.  Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Ophthotech common stock were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Ophthotech common stock were allegedly artificially inflated (if at all) during the Class Period; (5)

the effect of various market forces on the prices of Ophthotech common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of Ophthotech common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Ophthotech common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of Ophthotech common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Class, it would be paid from such recovery.  Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount, plus expenses not to exceed $500,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.  This amount may include a request by the Lead Plaintiff for an award in connection with its representation of the Class.  If the amounts requested are approved by the Court, the average cost per share of Ophthotech common stock will be approximately $0.43.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at _____, or visit the website www.OPHSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class:  Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation.  The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future.  For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|----|-----------------------------------|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Ophthotech common stock during the period between March 2, 2015 through and including December 12, 2016 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *Micholle v. Ophthotech Corporation, et al.*, No. 1:17-cv-00210-VSB-GWG. The case has been assigned to the Honorable Vernon S. Broderick. The institution representing the Class is the Lead Plaintiff, and the company and individuals it sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|----|----|

Lead Plaintiff's Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on June 4, 2018, alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). More specifically, Lead Plaintiff alleges that, throughout the Class Period (March 2, 2015 through December 12, 2016, inclusive), Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding the clinical trials for Fovista, the Company's leading drug candidate, which caused the price of Ophthotech's common stock to trade at artificially inflated prices, until the market learned of the allegedly false and misleading statements, and the Company's share price significantly declined. Defendants deny the Complaint's allegations and contend that they did not violate the Exchange Act.

On February 19, 2021, Defendants moved to dismiss the Complaint for failure to state a claim under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Lead Plaintiff opposed the motion and moved to strike certain documents submitted with Defendants' motion on October 12, 2018. Defendants filed their reply in support of the motion to dismiss and opposition to the motion to strike on November 19, 2018. Lead Plaintiff filed its reply to the motion to strike on December 10, 2018. On September 18, 2019, the Court granted in part and denied in part Defendants' motion to dismiss, and granted in part and denied in part Lead Plaintiff's motion to strike.

Defendants answered the Complaint on November 18, 2019.

Lead Plaintiff moved for class certification on June 12, 2020. Defendants filed their notice of non-opposition to the motion on August 11, 2020.

The parties engaged in extensive pre-trial discovery. In response to Lead Plaintiff's requests, Defendants and third parties produced over 2.8 million pages of documents, and Lead Plaintiff conducted three depositions. The parties thereafter sought and obtained a discovery stay while they attempted mediation.

On June 21, 2021, the Settling Parties participated in a confidential mediation with the Hon. Layn R. Phillips (Ret.), an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations, but did not reach a settlement. The Settling Parties continued to engage in arm's-length negotiations and on July 1, 2021, accepted the mediator's proposal to resolve the Litigation. The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $29,000,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events. Defendants continue to believe that the claims asserted against them in the Litigation are without merit. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or the Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or acquired Ophthotech common stock during the period from March 2, 2015 through December 12, 2016, inclusive, except those Persons and entities that are excluded.

Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) any Person who was an officer or director of Ophthotech during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Ophthotech; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2022.

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $29 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Ophthotech common shares represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.OPHSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2022**.  The Proof of Claim form may be submitted online at www.OPHSecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2022, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action, of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, related in any way to, in connection with, or arising from both: (a) the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, omissions, or corrective disclosures that were alleged, set forth, or referred to in the Litigation, and (b) the purchase of Ophthotech common stock by any Class Member during the Class Period.  "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means each and all of the Defendants, Defendants' Counsel and their Related Parties.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors),

accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and

released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Lead Plaintiff, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Class and the proposed Settlement? |
|-----|-----------------------------------------------------------|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Ophthotech Securities Settlement*." Your letter must include your purchases of Ophthotech common stock during the Class Period, including the dates, the number of shares of Ophthotech common stock purchased or acquired, and price paid for each such purchase or acquisition. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2022** to:

*Ophthotech Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box _____
_____, __ _____

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

| 12. | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2022.

| 13. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| 14. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $500,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Lead Plaintiff may seek up to $7,500 for its costs and expenses incurred in representing the Class pursuant to 15 U.S.C. §78u-4(a)(4). Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

- 10 -

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Ophthotech Securities Settlement*.  Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of shares of Ophthotech common stock you purchased or acquired and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  You must also include copies of documents demonstrating your purchase(s) and/or sale(s) of Ophthotech stock during the Class Period.  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** **no later than_____, 2022:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK<br>Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART<br>655 West Broadway, Suite 1900 San Diego, CA  92101 | WILMER CUTLER PICKERING HALE AND DORR LLP MICHAEL G. BONGIORNO 7 World Trade Center 250 Greenwich Street New York, NY  10007<br><br>MORGAN, LEWIS & BOCKIUS LLP JORDAN D. HERSHMAN One Federal Street Boston, MA 02110 |

| **17.** | **What is the difference between objecting and excluding?** |

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| | |
|---|---|
| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |

The Court will hold a Settlement Hearing at **_:00 _.m., on _____, 2022**, in the Courtroom of the Honorable Vernon S. Broderick, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.OPHSecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

In addition, the recent Coronavirus (COVID-19) pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.OPHSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.OPHSecuritiesSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video, to access information will be posted to the Settlement website, www.OPHSecuritiesSettlement.com.**

| | |
|---|---|
| **19.** | **Do I have to come to the hearing?** |

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|-----|---------------------------|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Ophthotech Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than _____, 2022**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at _____. Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.OPHSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $29 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Ophthotech common stock during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each share of Ophthotech common stock purchased during the Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the Ophthotech common stock was purchased or acquired and in what amounts, whether the shares were sold, and, if so, when they were sold and for what amounts.

The Recognized Loss is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $4.57 per share.[2]  Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Ophthotech common stock that was allegedly caused by Defendants' alleged materially false and misleading statements and omissions.  In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions Lead Plaintiff's damages expert considered the price change in Ophthotech common stock in reaction to the public disclosure that allegedly corrected the alleged misrepresentation of omissions, adjusting the price change for factors that were attributable to market forces, and for non-fraud relating Company-specific information.

In order to have recoverable damages under the federal securities laws, disclosures of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security.  In this Litigation, Lead Plaintiff alleges that corrective information allegedly impacting the price of Ophthotech common stock (the "corrective disclosure") was released to the market on December 12, 2016.  Taking into consideration the heightened risks of proving at trial that the entire stock price decline on December 12, 2016 was caused by the allegedly corrective information, the Recognized Loss Amount for purchases or acquisitions of Ophthotech common stock from March 2,

---

[2]    Under §21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts for Ophthotech common stock are reduced to an appropriate extent by taking into account the closing prices of Ophthotech common stock during the 90-day look-back period.  The mean (average) closing price for Ophthotech common stock during this 90-day look-back period was $4.57 per share as shown in Table A.

2015 through and including the close of trading on December 11, 2016, as set forth below, is reduced by 50%.  In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Ophthotech common stock must have been purchased or acquired during the Class Period and held through the issuance of the corrective disclosure.

A "claim" will be calculated as follows:

For each share of Ophthotech common stock purchased or acquired from March 2, 2015 through and including the close of trading on December 11, 2016, and:

(a)      Sold prior to the close of trading on December 11, 2016, the Recognized Loss Amount will be $0.00;

(b)      Sold from December 12, 2016 through and including the close of trading on March 10, 2017, the Recognized Loss Amount will be ***the least of***: (i) $16.72 per share, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between December 12, 2016 and the date of sale as stated in Table A at the end of this Notice; and

(c)      Held as of the close of trading on March 10, 2017, the Recognized Loss Amount will be ***the lesser of***: (i) $16.72 per share, or (ii) the purchase price minus $4.57, the average closing price for Ophthotech common stock between December 12, 2016 and March 10, 2017 (the last entry on Table A at the end of this Notice).

**TABLE A**

**Ophthotech Closing Price and Average Closing Price
December 12, 2016 – March 10, 2017**

| Date | Closing Price | Average Price Between 12/12/2016 and Date Shown | Date | Closing Price | Average Price Between 12/12/2016 and Date Shown |
|---|---|---|---|---|---|
| 12/12/2016 | $5.29 | $5.29 | 1/27/2017 | $4.72 | $4.86 |
| 12/13/2016 | $5.13 | $5.21 | 1/30/2017 | $4.52 | $4.85 |
| 12/14/2016 | $4.93 | $5.12 | 1/31/2017 | $4.76 | $4.85 |
| 12/15/2016 | $4.86 | $5.05 | 2/1/2017 | $4.70 | $4.84 |
| 12/16/2016 | $5.19 | $5.08 | 2/2/2017 | $4.66 | $4.84 |
| 12/19/2016 | $5.05 | $5.08 | 2/3/2017 | $4.59 | $4.83 |
| 12/20/2016 | $4.89 | $5.05 | 2/6/2017 | $4.57 | $4.82 |
| 12/21/2016 | $4.82 | $5.02 | 2/7/2017 | $4.43 | $4.81 |
| 12/22/2016 | $4.82 | $5.00 | 2/8/2017 | $4.39 | $4.80 |
| 12/23/2016 | $5.09 | $5.01 | 2/9/2017 | $4.32 | $4.79 |
| 12/27/2016 | $4.92 | $5.00 | 2/10/2017 | $4.48 | $4.78 |
| 12/28/2016 | $4.86 | $4.99 | 2/13/2017 | $4.46 | $4.78 |
| 12/29/2016 | $4.93 | $4.98 | 2/14/2017 | $4.60 | $4.77 |
| 12/30/2016 | $4.83 | $4.97 | 2/15/2017 | $4.80 | $4.77 |
| 1/3/2017 | $4.78 | $4.96 | 2/16/2017 | $4.64 | $4.77 |
| 1/4/2017 | $5.05 | $4.97 | 2/17/2017 | $4.50 | $4.76 |
| 1/5/2017 | $4.98 | $4.97 | 2/21/2017 | $4.36 | $4.76 |
| 1/6/2017 | $4.96 | $4.97 | 2/22/2017 | $4.25 | $4.75 |
| 1/9/2017 | $4.85 | $4.96 | 2/23/2017 | $4.26 | $4.74 |
| 1/10/2017 | $5.13 | $4.97 | 2/24/2017 | $4.24 | $4.73 |
| 1/11/2017 | $4.88 | $4.96 | 2/27/2017 | $4.57 | $4.72 |
| 1/12/2017 | $4.92 | $4.96 | 2/28/2017 | $3.58 | $4.70 |
| 1/13/2017 | $4.86 | $4.96 | 3/1/2017 | $3.76 | $4.68 |
| 1/17/2017 | $4.72 | $4.95 | 3/2/2017 | $3.67 | $4.67 |
| 1/18/2017 | $4.72 | $4.94 | 3/3/2017 | $3.64 | $4.65 |
| 1/19/2017 | $4.62 | $4.93 | 3/6/2017 | $3.65 | $4.63 |
| 1/20/2017 | $4.61 | $4.91 | 3/7/2017 | $3.64 | $4.61 |
| 1/23/2017 | $4.48 | $4.90 | 3/8/2017 | $3.62 | $4.60 |
| 1/24/2017 | $4.50 | $4.89 | 3/9/2017 | $3.63 | $4.58 |
| 1/25/2017 | $4.61 | $4.88 | 3/10/2017 | $3.75 | $4.57 |
| 1/26/2017 | $4.49 | $4.86 | | | |

For Class Members who held Ophthotech common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim.  Under the FIFO method, sales of Ophthotech common stock during the Class Period will be matched, in chronological order, first against Ophthotech common stock held at the beginning of the Class Period.  The remaining sales of Ophthotech common stock the Class Period will then be matched, in chronological order, against Ophthotech common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Ophthotech common stock  described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of Ophthotech common stock that have been matched against Ophthotech common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase, acquisition or sale of Ophthotech common stock  shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  All purchase, acquisition and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or operation of law of Ophthotech common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Ophthotech common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase, or acquisition of such share unless specifically provided in the instrument of gift or assignment.  The receipt of Ophthotech common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Ophthotech common stock.

With respect to Ophthotech common stock purchased or sold through the exercise of an option, the purchase/sale of the Ophthotech common stock is the exercise date of the option and the purchase/sale price of the Ophthotech common stock is the exercise price of the option.  Any recognized claim arising from the purchase of Ophthotech common stock acquired during the Class Period through the exercise of an option on Ophthotech common stock shall be computed as provided for other purchases of Ophthotech common stock  in the Plan of Allocation.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Ophthotech common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Ophthotech common stock during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the Ophthotech common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Ophthotech Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____, __ _____

DATED: _____   _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- 18 -

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ——————————————————— x | | |
| FRANK MICHOLLE, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:17-cv-00210-VSB-GWG **(Consolidated)** |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : | |
| OPHTHOTECH CORPORATION, DAVID R. GUYER and SAMIR PATEL, | : : : | |
| Defendants. | : : | |
| ——————————————————— x | | |

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT 2**

## I.    GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action *Micholle v. Ophthotech Corporation, et al.*, No. 1:17-cv-00210-VSB-GWG (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2022, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Ophthotech Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____, __ _____
Online Submissions: www.OPHSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

---

[1]      This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.OPHSecuritiesSettlement.com.

4.      If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how the Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.      CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased Ophthotech common stock during the period between March 2, 2015 through December 12, 2016, inclusive (the "Class Period"), including purchases of Ophthotech common stock. Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) any Person who was an officer or director of Ophthotech during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Ophthotech; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Ophthotech common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED

- 2 -

BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIROR(S) OF THE OPHTHOTECH COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions

in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at _____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

### III.    CLAIM FORM

Use Part II of this form "Schedule of Transactions in Ophthotech Common Stock," to supply all required details of your transaction(s) in Ophthotech common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **_all_** of your purchases or acquisitions and **_all_** of your sales of Ophthotech common stock between March 2, 2015 through December 12, 2016, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to **_all_** of the shares of Ophthotech common stock you held at the end of the day on March 1, 2015, December 12, 2016 and March 10, 2017.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Ophthotech common stock, and the date of a "short sale" is deemed to be the date of sale of Ophthotech common stock.

For each transaction, you must provide, together with this claim form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your

transactions in Ophthotech common stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Micholle v. Ophthotech Corporation, et al.*

Civil Action No. 1:17-00210-VSB-GWG

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2022

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN OPHTHOTECH COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

---

**PART I: CLAIMANT IDENTIFICATION**

Last Name ___ M.I. ___ First Name ___

Last Name (Co-Beneficial Owner) ___ M.I. ___ First Name (Co-Beneficial Owner) ___

◯ IRA  ◯ Joint Tenancy  ◯ Employee  ◯ Individual  ◯ Other ___ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA ___

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above) ___

Account#/Fund# (Not Necessary for Individual Filers) ___

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER ___ or Taxpayer Identification Number ___ — ___

Telephone Number (Primary Daytime) ___ — ___ Telephone Number (Alternate) ___ — ___

Email Address ___

**MAILING INFORMATION**

Address ___

Address ___

City ___ State ___ Zip Code ___

Foreign Province ___ Foreign Postal Code ___ Foreign Country Name/Abbreviation ___

---

- 6 -

PART II:        SCHEDULE OF TRANSACTIONS IN OPHTHOTECH COMMON STOCK

A.      Number of shares of Ophthotech common stock held at the close of trading on March 1, 2015: _____

Proof Enclosed?
○ Y
○ N

B.      Purchases or acquisitions of Ophthotech common stock between March 2, 2015 and December 12, 2016, inclusive:

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.      Sales of Ophthotech common stock between March 2, 2015 and March 10, 2017, 2016, inclusive:

| | SALES | | | Total Sales Price<br>(Excluding Commissions,<br>Taxes and Fees)<br>Please round off to<br>the nearest whole dollar | Proof of<br>Sales<br>Enclosed? |
|---|---|---|---|---|---|
| | Trade Date(s) of Shares<br>(List Chronologically) | Number of Shares<br>Sold | | | |
| | M M    D D    Y Y Y Y | | | | |
| 1. | ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐ | $ | ☐☐☐☐☐☐☐.00 | ○ Y ○ N |
| 2. | ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐ | $ | ☐☐☐☐☐☐☐.00 | ○ Y ○ N |
| 3. | ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐ | $ | ☐☐☐☐☐☐☐.00 | ○ Y ○ N |
| 4. | ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐ | $ | ☐☐☐☐☐☐☐.00 | ○ Y ○ N |

D.      Number of shares of Ophthotech common stock held at the close of trading on December 12, 2016:

Proof Enclosed?
○ Y
○ N

E.      Number of shares of Ophthotech common stock held at the close of trading on March 10, 2017:

Proof Enclosed?

◯ Y
◯ N

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

IV.     **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the purchase or acquisition of Ophthotech common stock during the Class Period and know of no other person having done so on my (our) behalf.

V.      **RELEASES**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the Released Claims each and all of the Released Defendant Parties.

2.      "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their respective Related Parties.

- 8 -

3.      "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, related in any way to, in connection with, or arising from both: (a) the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, omissions, or corrective disclosures that were alleged, set forth, or referred to in the Litigation and (b) the purchase or acquisition of Ophthotech common stock by any Class Member during the Class Period.  "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

4.      "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever including both known claims and Unknown Claims, against Lead Plaintiff, Lead Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

5.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the

Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and

released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Ophthotech common stock during the Class Period and the number of shares of Ophthotech common stock held by me (us) at the end of the day on March 1, 2015, December 12, 2016, and March 10, 2017.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____

(Month/Year)                          (City/State/Country)

_____          _____
(Sign your name here)                        (Sign your name here)

_____          _____
(Type or print your name here)               (Type or print your name here)

_____          _____
(Capacity of person(s) signing, e.g.,        (Capacity of person(s) signing, e.g.,
Beneficial Purchaser, Executor or Administrator)    Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN \_\_\_\_ \_\_, 2022,**

**ADDRESSED AS FOLLOWS:**

*Ophthotech Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____, \_\_  \_\_\_\_\_
www.OPHSecuritiesSettlement.com

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| FRANK MICHOLLE, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:17-cv-00210-VSB-GWG **(Consolidated)** |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : | |
| OPHTHOTECH CORPORATION, DAVID R. GUYER and SAMIR PATEL, | : : : | |
| Defendants. | : : : | |
| | x | |

SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT 3

**TO:   ALL PERSONS WHO PURCHASED OR ACQUIRED OPHTHOTECH CORPORATION ("OPHTHOTECH" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 2, 2015 THROUGH DECEMBER 12, 2016, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2022, at _:00 _.m., before the Honorable Vernon S. Broderick at the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $29,000,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Lead Plaintiff reimbursement of its time and expenses pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class, and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

The COVID-19 pandemic creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear remotely at the hearing, without further written notice to the Class.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.OPHSecuritiesSettlement.com, before making any plans to attend the Settlement

---

[1]      The Stipulation can be viewed and/or obtained at www.OPHSecuritiesSettlement.com.

Hearing.  Updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.OPHSecuritiesSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by remote means, the information for accessing the conference will be posted to the Settlement website, www.OPHSecuritiesSettlement.com.

IF YOU PURCHASED OR ACQUIRED OPHTHOTECH COMMON STOCK BETWEEN MARCH 2, 2015 THROUGH DECEMBER 12, 2016, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2022)** or electronically **(no later than _____, 2022)**.  Your failure to submit your Proof of Claim by _____, 2022, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation.  If you purchased Ophthotech common stock between March 2, 2015 through December 12, 2016, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.OPHSecuritiesSettlement.com, or by writing to:

*Ophthotech Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box _____
_____, __  _____

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead

Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A

REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2022**, IN

THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL CLASS MEMBERS WILL

BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF

OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE

SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN

AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $29,000,000 SETTLEMENT

AMOUNT AND EXPENSES NOT TO EXCEED $500,000 AND AN AWARD TO LEAD

PLAINTIFF NOT TO EXCEED $_____ IN CONNECTION WITH ITS REPRESENTATION OF

THE CLASS.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD

COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2022**, IN THE MANNER AND

FORM EXPLAINED IN THE NOTICE.

DATED: _____          BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF NEW YORK