UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
FRANK MICHOLLE, *individually and on* :
*behalf of all others similarly situated*, :
:
                              Plaintiff, :      17-CV-210 (VSB)
:
            - against - :      **ORDER**
:
OPHTHOTECH CORPORATION, *et al.*, :
:
                            Defendants. :
:
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

        On September 16, 2022, I entered judgment and final approval of the Settlement Agreement in this securities class action. (*See* Doc. 154 ("Judgment"); Doc. 155 ("Allocation Order").) Before me is the objection of Mr. Sergio Albonico ("Albonico" or "Objector") to an administrative determination rejecting his claim for a share of settlement proceeds because he was not a member of the settlement class. (Doc. 157 ("Obj.").) For the reasons that follow, the objection is OVERRULED.

      **I.**      <u>**Background**</u>

        I assume the parties' familiarity with the factual background and procedural history of this action.[1] On March 13, 2018, I granted the motion of Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada to serve as Lead Plaintiff and for its attorneys, Robbins Geller Rudman & Dowd LLP, to serve as Lead Counsel. *See Micholle v. Ophthotech Corp.*, No. 17-CV-210, 2018 WL 1307285, at *4–10 (S.D.N.Y. Mar. 13, 2018). In so doing, I denied

---

[1] A more extensive factual and procedural summary may be found in *Micholle v. Ophthotech Corporation*, No. 17-CV-210, 2018 WL 1307285, at *1–2 (S.D.N.Y. Mar. 13, 2018) and *Micholle v. Ophthotech Corporation*, No. 17-CV-210, 2019 WL 4464802, at *1–4 (S.D.N.Y. Sep. 17, 2019).

Albonico's motion to serve as lead plaintiff. *See id*. at *10. On March 17, 2022, I entered preliminary approval of the parties' class action settlement agreement, (*see* Doc. 129 & Exs. A-B ("Settlement Agreement")), preliminarily certified the settlement class, and preliminarily approved the proposed notice to class members (*see* Doc. 137). On September 8, 2022, I held a fairness hearing. (*See* Doc. 137 ¶ 6.) On September 16, 2022, I entered final approval of the Settlement Agreement and the Plan of Allocation, (Doc. 155), and Judgment in the case, (Doc. 154).

The Judgment defines the class as "all Persons who purchased or acquired Ophthotech common stock during the period between March 2, 2015 through December 12, 2016, inclusive (the 'Class Period')," subject to certain exceptions not relevant here. (Judgment ¶ 3.) The Judgment's definition adopts the class definition in the parties' Settlement Agreement. (Judgment ¶¶ 1, 3; *see* Settlement Agreement § IV.1.6–1.8.) "With respect to Ophthotech common stock purchased or sold through the exercise of an option," the Settlement Agreement, which the Judgment fully incorporates by reference, provides that "the purchase/sale of Ophthotech common stock is the exercise date of the option." (Doc. 137 (the "Plan of Allocation") 33; *see* Judgment ¶ 3.)

Objector Sergio Albonico's interests in Ophthotech common stock, as well as the interests of other individuals, are outlined in attachments to the motion for the appointment as lead plaintiff. (*See* Doc. 17-2 at 6.) Within the Class Period—on November 22 and 23, 2016—Albonico sold or assigned "put" option contracts giving the buyer the right to have Albonico purchase Ophthotech common stock at $30 per share. (*Id*.) Outside the Class Period—on

2

December 19 and 27, 2016 and on January 23, 2017[2]—the put buyer(s) exercised the options, and Albonico became the owner of Ophthotech common stock. (*Id.*)

Following my preliminary approval of the Settlement and Albonico's receipt of the Notice of Pendency and Proposed Class Action Settlement, Albonico submitted a Proof of Claim to a portion of the Settlement proceeds in connection with the shares he acquired through the exercise of the options. (*See* Doc. 158 ¶ 2.) On January 24, 2023, the settlement administrator notified Albonico that it rejected his claim because he acquired Ophthotech common stock outside the Class Period, and the "put options" he acquired within the Class Period "are not included in this Settlement." (Doc. 158-1 at 2; *see also* Doc. 158 ¶¶ 5–7.)

Albonico filed the instant objection, styled as an "Objection to [the] Administrative Determination to Exclude Mr. Albonico's Claim from the Settlement," on July 5, 2023 (Doc. 157), along with a supporting declaration, (Doc. 158). On July 19, 2023, Lead Plaintiff filed a response in opposition. (Doc. 159.) On July 24, 2023, Albonico filed a reply brief. (Doc. 160.) Lead Counsel for the class inquired as to the status of the objection on February 4, 2025. (Doc. 161.)

## II. Discussion

My authority to review the instant motion is the inherent "'power'" of a "'district court . . . to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it.'" *Butler v. Suria*, No. 17-CV-3077, 2020 WL 5105160, at *2 (S.D.N.Y. Aug. 31, 2020) (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). Here, consistent with the Settlement Agreement, (Settlement Agreement § IV.5.9), the Judgment provides that I retain "continuing jurisdiction over: (a) implementation of this

---

[2] The puts expired on January 20, 2017, and the parties do not discuss why Albonico received these shares following the expiration date. (*See* Doc. 17-2 at 6.)

3

Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation." (Judgment ¶16.)

As discussed, the Settlement Agreement, as incorporated by the Judgment, defines the class as "all Persons who purchased or acquired Ophthotech common stock during the period between March 2, 2015 through December 12, 2016, inclusive." (Judgment ¶ 3; Settlement Agreement § IV.1.6–1.8.) It further states that "[w]ith respect to Ophthotech common stock purchased or sold through the exercise of an option, the purchase/sale of Ophthotech common stock is the exercise date of the option." (Plan of Allocation 33.)

These terms doom Albonico's objection. There is no dispute that "the exercise date[s] of the option[s]" through which Albonico received Ophthotech common stock all fell outside the Class Period. (*See* Doc. 17-2 at 6.) Thus, under the plain language of the Plan of Allocation, Albonico's Ophthotech common-stock purchases fell outside the Class Period. (Plan of Allocation 33.) *See Hovensa LLC v. Kristensons-Petroleum, Inc.*, No. 12-CV-5706, 2013 WL 1803694, at *4 (S.D.N.Y. Apr. 26, 2013) ("Under both federal common law and New York law, a court must interpret a contract by considering all of its provisions, and 'words and phrases should be given their plain meaning.'" (quoting *LaSalle Bank Nat. Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (citation modified)). The settlement administrator therefore was correct to conclude that Albonico was not a class member.

Albonico's arguments to the contrary are not persuasive. Citing three out-of-circuit cases, he states that "courts have found that where, as here, an investor sells a put option that is then assigned, it constitutes ***a single investment decision made at the time of the put sale***, and

4

the subsequent purchase of stock pursuant to the assignment is part of one overall transaction that occurs at the time of the put sale." (Obj. 5 (emphasis in original).) These cases are inapposite because none involves the interpretation of the terms of a class settlement agreement. *See Hall v. Medicis Pharm. Corp.*, No. CV-08-1821, 2009 WL 648626, at *4 (D. Ariz. Mar. 11, 2009) (determining that a party who had "purchased and sold put options" was not so atypical as to preclude selection as lead plaintiff, especially given the lack of "evidence" as to "the history of [the] purchase and sale" of the options); *Hoexter v. Simmons*, 140 F.R.D. 416, 420–21 (D. Ariz. 1991) (concluding that a put-option purchaser is not atypical); *Hochschuler v. G. D. Searle & Co.*, 82 F.R.D. 339, 346–47 (N.D. Ill. 1978) (same). Unlike the arguments considered in these cases, the problem with Albonico's claim is not that he obtained his shares through the exercise of a put option, but rather that the terms of the Settlement Agreement demonstrate that he obtained his shares outside the Class Period.

Albonico also argues that the provision in the Plan of Allocation setting the common-stock purchase/sale date as "the exercise date of an option" covers only the situation "where [an] investor consciously makes a second investment decision to exercise the option," but that the provision "says nothing about an assignment where the investor has no choice but to purchase the stock at a loss." (Obj. 4.) Albonico reasons that when an investor sells a put option, he or she "has no control over the decision-making of the buyer who may (as here) subsequently decide to exercise the put option, forcing the seller to purchase the stock at the designated strike price." (*Id.* 5.) It is true that once Albonico sold the puts (within the Class Period), he had no control over whether the buyers exercised the put options or not. *See, e.g., Segen ex rel. KFx Inc. v. Westcliff Cap. Mgmt., LLC*, 299 F. Supp. 2d 262, 265 n.4 (S.D.N.Y. 2004) ("A put is an option to sell at a certain price within a certain period, and a call is a similar option to buy." (quoting 2

Louis Loss & Joel Seligman, *Securities Regulation* 1137 (3d ed. 2003))). However, this fact is not relevant because the plain meaning of the Plan of Allocation controls, and it set the purchase date of stock acquired through an option as the date of the exercise of the option. (Plan of Allocation 33.) The Settlement Agreement therefore excluded individuals like Albonico, regardless of his belief that it should have set the purchase date of stock acquired through an option as the date of the purchase, sale, or assignment of the option. Albonico could have objected to this provision of the Settlement Agreement, but chose not to object. The time to object to this provision—before the final fairness hearing—has passed. (*See* Doc. 137 ¶ 22 (preliminary approval order setting deadline of August 1, 2022 for objections).)

"Finally," Albonico argues that "the Pension Fund's arbitrary decision to exclude Mr. Albonico from the Settlement is contrary to the Pension Fund's duties as a class representative to ensure all Class members are treated equitably and encompass the broadest Class possible." (Obj. 6.) This obligation does not mean that the express terms of the Settlement Agreement can be ignored, and therefore was not arbitrary.

### III. Conclusion

For the foregoing reasons, Albonico's objection is without merit, and is therefore OVERRULED.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 157.

SO ORDERED.

Dated: July 24, 2025
       New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge